25-cv-3581 MJD\ DTS

RECEIVED
SEP 08 2025
CLERK, U.S. DISTRICT COURT
DULUTH, MINNESOTA

**UNITED STATES DISTRICT COURT**

DISTRICT OF MINNESOTA

---

**Robert Brooks Hoel**

Plaintiff, in propria persona,

v.

**Hennepin County**, a Minnesota political subdivision;
**Sheriff Dawanna Witt** (official capacity);
**Sgt. S. Bukkila** (Badge #526);
**Deputy D. Welwolie** (Badge #703);
**Deputy B. Brugger** (Badge #246);
**Deputy Helmandollar** (Badge #203);
**Deputy Dhimbil** (Badge #649);
**Lt. Brandon Butler** (Badge #117);
**John Doe 1** (Hennepin County Security Officer);
**John Does 2–10**,

Defendants.

Case No. ____________

---

**COMPLAINT FOR DAMAGES, DECLARATORY, AND INJUNCTIVE RELIEF**

(42 U.S.C. § 1983)

**Jury Trial Demanded**

---

## INTRODUCTION

1. This action arises from Hennepin County deputies and security officers excluding Plaintiff from the public, non-secure lobby of the Hennepin County Government Center (HCGC), shutting down his recording, and issuing a 30-day trespass ban later lifted.

2. These actions violated Plaintiff's clearly established rights under the First, Fourth, and Fourteenth Amendments, as well as the Minnesota Constitution.

SCANNED
SEP 09 2025
U.S. DISTRICT COURT DULUTH

3. Defendants retaliated against Plaintiff's protected newsgathering activity, denied him access to the Law Library, imposed arbitrary restrictions without due process, and acted in conspiracy to chill his constitutional rights.
4. Plaintiff seeks damages, declaratory, and injunctive relief to ensure constitutional rights are respected at HCGC.

---

**JURISDICTION AND VENUE**

5. This action arises under the Constitution and 42 U.S.C. § 1983. Jurisdiction lies under 28 U.S.C. §§ 1331 and 1343. Venue is proper under 28 U.S.C. § 1391(b).

---

**PARTIES**

6. Plaintiff Robert Brooks Hoel appears in propria persona.
7. Defendant Hennepin County is responsible for HCGC policies and HCSO practices.
8. Defendant Sheriff Dawanna Witt is the final policymaker for HCSO.
9. Defendants Sgt. Bukkila, Deputy Welwolie, Deputy Brugger, Deputy Helmandollar, Deputy Dhimbil, Lt. Butler, John Doe 1, and John Does 2–10 participated in or enforced the unlawful trespass ban and suppression of recording.
10. Plaintiff will amend this Complaint to substitute true names of Doe Defendants once identified through discovery.

---

**FACTS**

11. On May 29, 2025, at approximately mid-day, Plaintiff entered HCGC to use the Law Library.
12. Plaintiff recorded in the security lobby—a public forum open to all, not covered by the Judicial Order on Videotaping (which restricts cameras in courtrooms and chambers only).
13. Plaintiff carried a copy of the Judicial Order and attempted to show it to staff.
14. John Doe 1 stopped the recording; Lt. Butler refused to review the Order and summoned deputies.

15. Deputies Bukkila, Welwolie, Brugger, Helmandollar, and Dhimbil surrounded Plaintiff and escorted him out, despite his offer to stop recording and comply.
16. Lt. Butler issued a 30-day trespass notice citing "Recording/Staff Disturbance," imposing restrictions beyond standard practice.
17. Plaintiff previously served both (a) preservation of evidence demands (for body-worn camera, surveillance, dispatch logs, and paperwork) and (b) notice of claim / notice of intent to sue under Minn. Stat. § 466.05.
18. State notice-of-claim statutes do not restrict federal § 1983 actions. See Felder v. Casey, 487 U.S. 131 (1988).
19. The risk of spoliation and concealment remains ongoing. Failure to preserve evidence after such notice warrants sanctions. See Stevenson v. Union Pac. R.R. Co., 354 F.3d 739 (8th Cir. 2004).
20. Plaintiff attempted to confirm officer names but was stonewalled.
21. The ban expired and was lifted, evidencing lack of lawful basis, but Plaintiff remains at risk of repeat retaliation, especially given his pending civil-rights lawsuits against Minneapolis and St. Louis County.

---

**CLAIMS FOR RELIEF**

**Count I – First Amendment Retaliation (§ 1983)**

22. Plaintiff realleges and incorporates by reference ¶¶ 1–21 as though fully set forth herein.

23. Plaintiff engaged in protected speech and newsgathering. Defendants removed him, stopped his recording, and issued a trespass ban in retaliation for his exercise of First Amendment rights.

24. Defendants' actions would chill a person of ordinary firmness from continuing to engage in protected activity.

25. The right to be free from retaliation for protected speech was clearly established by 2025, including Chestnut v. Wallace, 947 F.3d 1085 (8th Cir. 2020); Hoyland v. McMenomy, 869 F.3d 644 (8th Cir. 2017); Thurairajah v. City of Fort Smith, 925 F.3d 979 (8th Cir. 2019).

**Count II – First Amendment Right to Record / Prior Restraint (§ 1983)**

26. Plaintiff realleges and incorporates by reference ¶¶ 1–25.

27. Defendants imposed a categorical ban on recording in a public lobby.

28. Such a ban is an unconstitutional prior restraint, not a reasonable time/place/manner

restriction. See Chestnut v. Wallace, 947 F.3d 1085 (8th Cir. 2020); Glik v. Cunniffe, 655 F.3d 78 (1st Cir. 2011).

**Count III – Denial of Access to Courts (§ 1983)**

29. Plaintiff realleges and incorporates by reference ¶¶ 1–28.

30. By denying Plaintiff entry to the Law Library, Defendants interfered with his ability to prepare legal filings. Bounds v. Smith, 430 U.S. 817 (1977); Lewis v. Casey, 518 U.S. 343 (1996).

**Count IV – Fourteenth Amendment Due Process (§ 1983)**

31. Plaintiff realleges and incorporates by reference ¶¶ 1–30.

32. The trespass ban was imposed without warning, notice, or opportunity to contest, violating procedural due process, and was arbitrary and retaliatory, violating substantive due process.

**Count V – Fourth Amendment Unreasonable Seizure (§ 1983)**

33. Plaintiff realleges and incorporates by reference ¶¶ 1–32.

34. Deputies restrained Plaintiff and compelled him out of HCGC without reasonable suspicion or probable cause, constituting an unreasonable seizure.

**Count VI – Monell Liability (Policy/Custom/Failure to Train)**

35. Plaintiff realleges and incorporates by reference ¶¶ 1–34.

36. Hennepin County maintains customs of (a) allowing private security to issue trespass bans enforced by deputies; (b) ignoring judicial orders limiting videotaping restrictions; (c) issuing trespass notices without warnings; and (d) obstructing accountability by refusing to identify officers. These customs caused Plaintiff's injuries. Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978).

**Count VII – Minnesota Constitutional Claims**

37. Plaintiff realleges and incorporates by reference ¶¶ 1–36.

38. Defendants' conduct violated parallel protections under the Minnesota Constitution, including Article I, Section 3 (liberty of the press), Section 7 (due process), Section 8 (remedy in law), and Section 10 (unreasonable searches and seizures).

**Count VIII – Conspiracy (§§ 1985(3), 1986)**

39. Plaintiff realleges and incorporates by reference ¶¶ 1–38.

40. Defendants reached an understanding and agreement to interfere with Plaintiff's constitutional rights by excluding him from HCGC, shutting down his recording, and issuing a baseless trespass ban.

41. Their coordinated actions—including surrounding Plaintiff, ignoring his citation of the Judicial Order, and jointly enforcing the trespass ban—demonstrate concerted conduct.

42. The conspiracy's purpose and effect was to chill Plaintiff's exercise of First Amendment rights, deny him access to the courts, and retaliate for his ongoing civil-rights activity.

43. In violation of § 1985(3), Defendants conspired to deprive Plaintiff of equal protection and equal privileges of the laws, including rights guaranteed by the First, Fourth, and Fourteenth Amendments.

44. Each Defendant had knowledge of, and participated in, the conspiracy.

45. Defendants Witt and Butler, by virtue of supervisory authority, and other supervisors, were in a position to prevent the violations but failed to do so, violating 42 U.S.C. § 1986.

46. As a direct and proximate result, Plaintiff suffered constitutional injuries, emotional distress, humiliation, and chilled speech.

---

**QUALIFIED IMMUNITY**

47. By 2025, it was clearly established that the public has a right to record officials in public spaces (Chestnut; Glik).
48. Exclusion from public fora must be narrowly tailored, and retaliation for protected activity is unlawful. Reasonable officers would know their conduct was unconstitutional. Qualified immunity does not apply.

---

**PRAYER FOR RELIEF**

Plaintiff respectfully requests the following relief:

A. Declaratory judgment that Defendants' actions violated the First, Fourth, and Fourteenth Amendments (and Minnesota Constitution).

B. Permanent injunction requiring Hennepin County to:

1. Prohibit categorical bans on non-disruptive recording in public lobbies;
2. Provide warnings before issuing trespass notices;
3. Restrict trespass authority to sworn deputies under neutral standards;
4. Train deputies/security on recording rights and due process.

C. Compensatory damages in an amount to be determined at trial.

D. Punitive damages against individual Defendants for willful and malicious conduct.

E. Attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

F. Adverse inference and spoliation sanctions if video, BWC, or paperwork are destroyed or withheld.

G. Such other and further relief as the Court deems just and proper.

---

**JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable.

---

**Date:** September 8, 2025

Respectfully submitted,

Robert-Brooks: Hoel

Robert Brooks Hoel
General Delivery
Minneapolis, MN 55401
bobhoel@gmail.com