**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Robert Brooks Hoel,
Plaintiff,

vs.

Hennepin County, Sheriff Dawanna Witt, in her official capacity, Sgt. S. Bukkila, Deputy D. Welwolle, Deputy B. Brugger, Deputy Helmandollar, Deputy Dhimbil, Lt. Brandon Butler, John Doe 1-10,
Defendants.

Case No. 25-cv-03581 (ECT/DTS)

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

---

## Introduction

Plaintiff Robert Brooks Hoel ("Hoel") brings this lawsuit against the Hennepin County Sheriff as well as up to sixteen other Hennepin County Sheriff's Deputies and security personnel, including Sheriff Dawanna Witt, Sgt. S. Bukkila, Dep. D. Welwolle, Dep. B. Brugger, Dep. Helmandollar, Dep. Dhimbil, Lt. Brandon Butler, as well as various "John Does" (together, "Defendants"). Hoel claims that on May 29, 2025, Defendants engaged in an unlawful conspiracy (per Count VIII) to: (I) retaliate against him for recording in a courthouse security checkpoint, (II) prohibit him from recording, (III) deny him access to courts, (IV) violate his substantive due process rights, and (V) conduct an unreasonable search and seizure. Hoel also asserts (VI) municipal liability under 42 U.S.C. Section 1983 ("§ 1983") as well as (VII) parallel claims under the Minnesota State Constitution.

Specifically, Hoel alleges that he was issued a 30-Day Trespass Notice by Hennepin County security personnel, as referenced in his complaint, after causing a disturbance in a courthouse security checkpoint. Hoel does not allege any fact supporting unlawful retaliatory punishment, harm to an actual underlying legal interest, government conduct that shocks the conscience, an unconstitutional policy of Hennepin County, or any conspiratorial meeting of the minds beyond—at best—mere coordination or collaboration.

Hoel fails to plead facts sufficient to demonstrate municipal liability, conspiracy, or the miscellaneous violations of his State and Federal constitutional rights he has alleged. Accordingly, Hoel's complaint fails to state a claim upon which relief can be granted, and this matter should be dismissed.

**Factual Allegations**[1]

On May 29, 2025, Hoel claims he entered the Hennepin County Government Center ("Government Center") to use the County's law library. (Complaint ¶ 11, ECF 1.) Hoel then notes that he recorded in a "security lobby."[2] (*Id.*, ¶ 12.) Hoel does not identify for what purpose he was recording, but states that an unidentified security officer "stopped the recording" before he was surrounded and escorted out. (*Id.*, ¶¶ 14–15.) Hoel's complaint

[1] The allegations in Hoel's complaint are taken as true only for the purposes of the instant motion to dismiss but remain unproven—and unadmitted—allegations provided here only for reference.

[2] Hoel provides no identifying details at all about the area identified in the complaint as the "security lobby." Defendants therefore lack facts necessary to put them on notice about the basic nature of the claims in this lawsuit. Defendants understand the complaint as alleging that Hoel was recording in the security screening checkpoint between the public lobby—which would require no such "security" distinction—and the secured areas of Government Center, which include its courtrooms.

then references the 30-Day "Trespass Notice" he was provided by Hennepin County security personnel due to his behavior causing a disturbance. (*Id.*, ¶ 16.) Curiously, in lieu of simply attaching this document to his complaint, Hoel opts instead to characterize it as "citing 'Recording/Staff Disturbance,' imposing restrictions beyond standard practice." (*Id.*) A copy of this Trespass Notice has been filed in this case for the Court's reference, so far as it is embraced by the complaint's direct reference, and integral to Hoel's claims.[3] (Trespass Notice, First Declaration of Matthew L.R. Messerli, Ex. 1 ["Trespass Notice"].) Notably, the notice does not make any reference to recording. (*See id.*)

Hoel's complaint provides a series of conclusory, unsubstantiated, and/or misguided assertions. (*Id.*, ¶¶ 18–21.) Arising out of his encounter at the Government Center courthouse security checkpoint on May 29, 2025, and the related trespass notice he received, Hoel provides eight identified legal claims. (*Id.*, at 8–10.) Even read liberally, not one of these claims is supported by a clear factual allegation, and broadly they appear to contain only legally conclusory assertions. (*Id.*, ¶¶ 22–46.)

Hoel seeks declaratory relief, a permanent injunction (prohibiting "bans on non-disruptive recording," requiring warnings prior to issuance of notices of trespass, restricting trespass authority to deputies, and training), indeterminate compensatory and punitive damages—without any allegation of financial harm—as well as attorney's fees and costs—heedless of his *pro se* status *in forma pauperis*, and speculative sanctions. (*Id.*, at 10.)

[3] The Court "may consider matters incorporated by reference or integral to the claim without converting a motion to dismiss into one for summary judgment." *Carter v. Ludwick*, 139 F.4th 982, 989 (8th Cir. 2025) (quotations omitted); *Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012).

## Legal Standard

To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting the foregoing in relevant part); *see also Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012) (same). Facial plausibility requires "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (further holding a complaint must contain "sufficient factual matter" to avoid dismissal). Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

*Pro se* pleadings should be construed liberally, but "may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The liberal construction of a *pro se* complaint means that the complaint should be construed "in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004). However, this does not require the Court "to assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Id.*; *see also Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (providing that a court "will not supply additional facts, nor […] construct a legal theory for plaintiff that assumes facts that have not been pleaded.").

In addition, Federal Rule of Civil Procedure 8's pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Indeterminate factual allegations cannot stand alone, and the Court may properly set aside legal conclusions or bare recitations of the elements of a claim. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (citing *Iqbal*, 556 U.S. at 677); *see also Higgins v. Carter*, 258 F.3d 797, 800 (8th Cir. 2001).

Hoel's complaint fails to contain anything "more than an unadorned, the-defendant[s]-unlawfully-harmed-me accusation" or otherwise present a plausible claim for relief against his chosen assortment of Defendants. *Iqbal*, 556 U.S. at 678. Accordingly, Hoel's complaint should be dismissed.

## Analysis

### I. Hoel's Claims are Barred by the Doctrine of Qualified Immunity.

Hoel's claims center on municipal officials, sued under § 1983, for alleged violations of a variety of constitutional rights. Because the Defendants' conduct in this case, as alleged, did not violate any clearly established rights, Hoel's claims are necessarily barred by the doctrine of qualified immunity. Hoel's complaint, in turn, must be dismissed.

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)). "Because qualified immunity is an affirmative defense . . . it will be upheld on a 12(b)(6) motion only when the immunity is established on the face of the complaint."

*Weaver v. Clarke*, 45 F.3d 1253, 1255 (8th Cir. 1995) (citations omitted). The doctrine "do[es] not require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft v. al–Kidd*, 563 U.S. 731, 741 (2011); *Malley v. Briggs*, 475 U.S. 335, 341 (1986) (qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law").

Hoel's complaint vaguely implies violations of a variety of constitutional rights, discussed in greater detail below, but at heart Hoel's complaint focuses on security personnel issuing him a Trespass Notice for causing a disturbance in the Government Center's courthouse security checkpoint. (Compl. ¶ 16; Trespass Notice.) Hoel did not contest this Trespass Notice, and it has since expired.[4] (Compl. ¶ 21; Trespass Notice.) Hoel's complaint characterizes the Trespass Notice as arising out of his recording of law enforcement personnel in the security checkpoint. (Compl. ¶¶ 16, 23.) Even if this were true, the Eighth Circuit's precedent does not clearly establish the right to record in a courthouse security checkpoint.

The Eighth Circuit recognizes "a constitutional right to *observe* the police in *public* from a distance and without interfering." *Chestnut v. Wallace*, 947 F.3d 1085, 1091 (8th Cir. 2020) (emphasis supplied). However, the right to *record* law enforcement and government security personnel carrying out their duties, particularly from within a

---

4 Hoel's complaint is likely moot as a result. *E.g.*, *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91, 133 S. Ct. 721, 727, 184 L. Ed. 2d 553 (2013). However, in the interest of completeness, Defendants address Hoel's claims in full regardless. Any error in attempted service upon Defendants via customer service personnel is similarly treated as ultimately immaterial to the insufficiency of the complaint. (*See generally*, ECF 11.)

*courthouse security checkpoint,* has not been specifically recognized—let alone clearly established. Here, the complaint does not actually allege who or what Hoel intended to record in the security checkpoint, but even assuming that he intended to record solely Hennepin County security officials in the course of their duties *and* that he had a right to do so in public areas at Government Center, these assumptions would still not be determinative as to any right to record in the security checkpoint. *See, e.g.*, *Mocek v. City of Albuquerque*, 813 F.3d 912, 931 (10th Cir. 2015) ("[E]ven if we agreed there is a First Amendment right to record law enforcement officers in *public,* we would still need to determine whether that conduct is protected at an airport security checkpoint.").

Nothing in Hoel's complaint demonstrates the deprivation of a fundamental right clearly established at the time of the alleged official conduct. Hoel does not present well-pleaded facts sufficient to place Defendants among "the plainly incompetent or those who knowingly violate the law" and so his complaint must be dismissed under the doctrine of qualified immunity. *Malley*, 475 U.S. at 341.

## II. Hoel Fails to State a Claim for Any of the Alleged Constitutional Violations.

Hoel alleges that his 30-day trespass from the Government Center violates the First, Fourth, and Fourteenth Amendments as well as his constitutional right of "access to the courts." The complaint provides almost no factual predicate to advance these claims, alleging only that he was "issued a 30-day trespass notice citing 'Recording/Staff Disturbance," (Compl. ¶ 16), and that "[t]he ban expired and was lifted" in turn. (*Id.* ¶ 21.) Hoel's pleadings are insufficient to support any claim for relief, let alone such weighty constitutional violations, and fail for the numerous reasons discussed below.

A. Purported First Amendment Retaliation Under Count I.

"To state a First Amendment-retaliation claim under 42 U.S.C. § 1983, [Hoel] must allege that: (1) [he] engaged in a protected activity, (2) the government official[s] took adverse action against [him] that would chill a person of ordinary firmness from continuing in the activity, and (3) the adverse action was motivated at least in part by the exercise of the protected activity.'" *Minnesota State Coll. Student Ass'n, Inc. v. Cowles*, 620 F. Supp. 3d 835, 844 (D. Minn. 2022) (quoting *Bennie v. Munn*, 822 F.3d 392, 397 (8th Cir. 2016)); *Scheffler v. Molin*, 743 F.3d 619, 621 (8th Cir. 2014). Even assuming for the purposes of this motion that Hoel has sufficiently pleaded the second element, he cannot show (i) he was engaged in a protected activity, or (ii) Defendants possessed a retaliatory motivation.

*i. No protected activity.*

The only protected activity suggested by the complaint is the act of recording in public. Whether the act of recording is protected depends in part upon its purpose. *Ness v. City of Bloomington*, 11 F.4th 914, 923 (8th Cir. 2021) ("If the act of making a photograph or recording is to facilitate speech that will follow, the act is a step in the 'speech process,' and thus qualifies itself as speech protected by the First Amendment.") (quoting *Citizens United v. Fed. Election Comm'n*, 558 U.S. 310, 336 (2010)). Although Hoel baldly states at several places in his complaint that his recording was part of "newsgathering" activity (*see, e.g.*, Compl. ¶¶ 3, 23), Hoel does not allege any details about the purpose of this newsgathering, nor does he allege that any of the individual Defendants would have been aware of that purpose. Instead, Hoel's allegations reveal only an individual engaged in quarrelsome behavior with officers for no readily apparent purpose at all. The Eighth

Circuit has distinguished this exact sort of recording conduct from that intended to "facilitate speech" and free expression. *Ness*, 11 F.4th at 923 ("[P]hotography or recording [that] is unrelated to an expressive purpose . . . may not receive First Amendment protection."). Indeed, "[t]o constitute 'expressive conduct,' an individual must intend to 'convey a particularized message,' and the likelihood must be great 'that the message would be understood by those who viewed [the conduct].'" *Keup v. Sarpy Cnty.*, No. 8:21-CV-312, 2022 WL 195822, at *4 (D. Neb. Jan. 21, 2022) (quoting *Adam & Eve Jonesboro, LLC v. Perrin*, 933 F.3d 951, 957 (8th Cir. 2019). Here, there are no allegations that plausibly support the claim that Hoel was engaged in protected expressive conduct under the First Amendment.

As noted above, Hoel's complaint does not allege a clearly established right to record, but even Circuits that have recognized the right to record "have noted that it 'may be subject to reasonable time, place, and manner restrictions.'" *Kushner v. Buhta*, No. 16-CV-2646 (SRN/SER), 2018 WL 1866033, at *9 (D. Minn. Apr. 18, 2018) (quoting *Glik v. Cunniffe*, 655 F.3d 78, 82 (1st Cir. 2011) and collecting cases). The complaint makes no attempt to allege that Hoel's recording was subjected to an unreasonable time, manner, or place limitation. Instead, Hoel simply states the legal conclusion that he was in a "public, nonsecure lobby," where he apparently believes that any limitation on recording was improper. But "public property [that] is not by tradition or designation a public forum" for speech and assembly is a "nonpublic forum," where regulation of speech is appropriate so long as it is "reasonable and not an effort to suppress expression merely because public officials oppose the speaker's view." *Victory Through Jesus Sports Ministry Found. v.*

*Lee's Summit R-7 Sch. Dist.*, 640 F.3d 329, 334 (8th Cir. 2011) (citing *Perry Educ. Ass'n v. Perry Local Educators' Ass'n*, 460 U.S. 37, 46 (1983).

Nothing in the complaint plausibly alleges the security checkpoint at Government Center is a traditional or designated forum for public speech. Nothing in the complaint alleges an unreasonable limitation was imposed on recording in such an area. And nothing in the complaint alleges that Hoel was prevented from recording because of anyone's opposition to his viewpoints. As such, nothing in the complaint plausibly states a claim for relief based upon a "Right to Record" and Hoel's claims should be dismissed.

*ii. No retaliatory motive.*

Even if the Court concludes that Hoel had a right to record in the Government Center security checkpoint, the complaint still fails to state a First Amendment retaliation claim because Hoel does not adequately allege that his recording motivated his removal from the premises. In fact, Hoel's *own* allegations raise a strong inference of the opposite: that his interaction with Defendants was driven by behavior wholly unrelated to his recording. Indeed, Hoel explicitly states that he "offer[ed] to stop recording" and was nonetheless escorted away. Compl. ¶ 15. And while Hoel directly quotes his Trespass Notice as stating "Recording/Staff Disturbance" (*id.* ¶ 16), this is verifiably false. (Trespass Notice.) Contrary to Hoel's allegations, the Trespass Notice cites only "Non-compliance with staff" and "Disturbance" as the basis for the trespass. (*Id.*)

Finally, even if the Court believes that Hoel had a right to record in the security checkpoint *and* that the complaint sufficiently alleges some motivation to remove him because he engaged in recording, the complaint still fails on the third element of a

retaliation claim because it does not plausibly allege that the officers who escorted Hoel off of the premises were guided by animus toward his protected conduct. *See Mitchell v. Kirchmeier*, 28 F.4th 888, 896 (8th Cir. 2022) ("It is not enough for the plaintiff to show that the defendant arrested or used force against the plaintiff in response to conduct that in fact was protected. If the response was driven not by animus but by the defendant's understanding—however mistaken—of his official duties, then it was not retaliatory.") (cleaned up). Instead, Hoel's own allegations suggest, at worst, county security personnel responding in good faith to a noncooperative person, even if they initially misapprehended that person's right to record in the security checkpoint. In sum, Hoel has not plausibly pleaded a First Amendment retaliation claim.

B. <u>Purported Unlawful Prior Restraint Under Count II.</u>

Hoel alleges an unlawful prior restraint, but nothing in his allegations comports with any recognized definition of that term. "The term prior restraint is used to describe administrative and judicial orders forbidding certain communications when issued in advance of the time that such communications are to occur." *Alexander v. United States*, 509 U.S. 544, 550 (1993) (internal quotations omitted). "[P]rior restraints, by definition, suppress *future* speech." *Viewpoint Neutrality Now! v. Bd. of Regents of Univ. of Minnesota*, 109 F.4th 1033, 1043 (8th Cir. 2024). "[T]here is [] no prior restraint unless a speaker must also get advance '*permission* from a government official.'" *Hershey v. Jasinski*, 86 F.4th 1224, 1234 (8th Cir. 2023) (quoting *Citizens United v. Schneiderman,* 882 F.3d 374, 387 (2d Cir. 2018)).

Hoel's contention is that he was stopped from recording in the security screening area at Government Center and thereafter escorted from the premises. This describes an entirely responsive encounter. Hoel does not allege the existence of any kind of administrative or judicial order[5] with prospective, preclusive effect over his recording activities, nor does he allege that any government official denied him permission for his activities ahead of time. Hoel simply maintains that he was prevented from recording after he began doing so. Nothing in the complaint plausibly alleges a prior restraint in violation of the First Amendment, and Hoel's prior-restraint claim should be dismissed.

C. <u>Purported Denial of Access to Courts Claim Under Count III.</u>

Similarly, Hoel's "access to courts" claim cannot stand. As a starting point, this claim is typically found in the context of prisoners' rights. *See Lewis v. Casey*, 518 U.S. 343, 350-51 (1996). It is inappropriate for Hoel to extend the application of his cited cases to this case—which does not involve a prisoner and alleges merely a lack of physical access to the Hennepin County law library. Under *Lewis* and other cases, the Supreme Court has recognized no freestanding right to a law library, but rather only a right of access to the courts that may be called into question when a prison law library is so deficient as to impair a prisoner's "reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Id.* at 350-51. This cause of action requires an inmate, with particularity, to "demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Id.* at 351. In any event,

[5] In fact, Hoel's complaint vaguely references a pre-existing judicial order alleged to have had the opposite effect—that is, of *allowing* him to record in the security checkpoint.

"the underlying claim is an element that must be described in the complaint as though it were being independently pursued." *Christopher v. Harbury*, 536 U.S. 403, 403–04 (2002).

Hoel has not done any of this. His sole relevant allegation is that "[b]y denying Plaintiff entry to the Law Library, Defendants interfered with his ability to prepare legal filings." (Compl. ¶ 30.) Assuming *arguendo* that *Lewis* even applies to Hoel's personal choice to use a certain set of publicly available services, he does not provide any specific facts consistent with hinderance of his efforts to pursue an identified legal claim. Hoel has failed to state a claim for denial of access to the courts, and it should be dismissed.

D. Purported Fourteenth Amendment Due Process Concern Under Count IV.

Case law makes clear that Hoel's Fourteenth Amendment claims are also legally unsupported. "To implicate the Due Process Clause of the Fourteenth Amendment, [a plaintiff] must show that he has a property or liberty interest that has been affected by the government action." *Royer ex rel. Est. of Royer v. City of Oak Grove*, 374 F.3d 685, 689 (8th Cir. 2004). However, "[t]here is no property or liberty interest in 'having unlimited access to a public building.'" *Peterson v. City of N. St. Paul*, No. 21-CV-458 (NEB/KMM), 2021 WL 5235092, at *3 (D. Minn. Nov. 10, 2021) (quoting *Royer*, 374 F.3d at 689 (8th Cir. 2004)). "Courts have routinely concluded that members of the public do not have a protected interest in being able to freely access public buildings." *Id.* (citing *Royer*, 374 F.3d at 689); *Williams v. Town of Greenburgh*, 535 F.3d 71, 76 (2d Cir. 2008) (holding that a one-year ban from a community center did not deprive the plaintiff of a liberty interest); *Hannemann v. S. Door Cnty. Sch. Dist.*, 673 F.3d 746, 757–58 (7th Cir. 2012) (concluding that a ban from public property did not deprive the plaintiff of a protected

liberty interest); *Vincent v. City of Sulphur*, 805 F.3d 543, 548–51 (5th Cir. 2015) (reasoning that a temporary ban from city property, including city hall, did not violate any clearly established due process rights).

Hoel has identified no protected property or liberty interest other than asserting the same was infringed upon by the "trespass ban." (Compl. ¶ 32.) However, Hoel's allegations that he was subject to a temporary ban from government property cannot amount to a due process violation.[6] Accordingly, the Court should dismiss Hoel's allegations of a Fourteenth Amendment violation for failure to state a claim.

E. Purported Fourth Amendment Unreasonable Seizure Under Count V.

Hoel's "Unreasonable Seizure" claim confuses applicable law. The Fourth Amendment protects the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV; *see e.g.*, *Riley v. California*, 573 U.S. 373, 381, (2014) ("the ultimate touchstone of the Fourth Amendment is 'reasonableness'"). The Fourth Amendment "targets the 'misuse of power, not the accidental effects of otherwise lawful government conduct'" and does not "transform a government employee's every touch into a Fourth Amendment seizure." *Irish v. McNamara*, 108 F.4th 715, 718 (8th Cir. 2024) (quoting *Brower v. Cnty. of Inyo*, 489 U.S. 593, 596, 109 S.Ct. 1378, 103 L.Ed.2d 628 (1989)).

[6] Further undermining Hoel's claim, the face of the trespass notice is clear that (1) there was a process available for Hoel to contest the trespass; and (2) there were conditions under which Hoel *could* return to the Government Center during the trespass period.

Hoel alleges he was "surrounded" and "escorted [] out" of the Government Center pursuant to a Trespass Notice. (Compl. ¶¶ 15-16.) In lieu of any factual allegation showing Defendants' escort from premises pursuant to the Trespass Notice was somehow unreasonable, or even a fourth amendment seizure, Hoel simply asserts a legal conclusion that his removal was effected "without reasonable suspicion or probable cause" and therefore "constitute[ed] an unreasonable seizure." (Compl. ¶ 34.) Hoel's claim appears rooted in a misapprehension of the purpose and natural application of a Trespass Notice issued under Minn. Stat. § 609.605. Hoel's complaint fails to state a claim for a violation of the Fourth Amendment's protections and should be dismissed.

**3. Hoel's Derivative Claims Under 42. U.S.C. § 1983, the Minnesota Constitution, and a Theory of Civil Conspiracy Have Not Been Sufficiently Pleaded.**

Hoel's remaining claims are all derived, in part, from those discussed above, and thus they each necessarily wither in the absence of underlying substance. Hoel's remaining § 1983 claim fails where he has not provided facts consistent with the alleged "custom" based solely on an isolated incident. The Minnesota Constitution claims are threadbare and should not be entertained by this Court where they cannot stand alone, regardless. Lastly, Hennepin County cannot conspire with itself, and even if it could, Hoel has not alleged particular facts consistent with a well-pleaded claim of conspiracy.

A. Purported *Monell* Liability Under § 1983.

A municipality—like Hennepin County—is not liable under § 1983 unless the municipality's unconstitutional policy or custom was the moving force behind the alleged constitutional injury. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). An

official policy involves "a 'deliberate choice to follow a course of action . . . made from among various alternatives' by an official who has the final authority to establish governmental policy." *Jane Doe A v. Special Sch. Dist. of St. Louis Cty.*, 901 F.2d 642, 645 (8th Cir. 1990) (quoting in part *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). A § 1983 claim based on custom requires a showing that "officials had notice of prior incidents of . . . misconduct and had deliberately failed to act on this knowledge." *Harris v. City of Pagedale*, 821 F.2d 499, 504 (8th Cir. 1987). As such, "[g]enerally, an isolated incident . . . cannot, as a matter of law, establish a municipal policy or custom creating liability under § 1983." *Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013).

Hoel's complaint asserts that "Hennepin County maintains customs" that "caused [his] injuries." (Compl. ¶ 36.) This is a hollow claim in absence of any factual basis to support the simple recital of its legal elements. *Iqbal*, 556 U.S. at 678. Hoel's complaint fails to describe "a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees." *Ware v. Jackson Cty.*, 150 F.3d 873, 880 (8th Cir. 1998) (citing *Harris*, 821 F.2d at 504-07). Hoel's assertions regarding Defendants issuance of trespass bans "without warning[]," allegedly "ignoring judicial orders," and "refusing to identify officers" are bare legal conclusions so far as they are not already addressed above.

Further, Hoel has not alleged "[d]eliberate indifference to or tacit authorization of [unconstitutional] conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct," nor any *facts* that would put Defendants on notice of what claimed injury allegedly derived from "acts pursuant to the governmental entity's

custom." *Ware*, 150 F.3d at 880. The complaint does not show "officials had notice of prior incidents of . . . misconduct and had deliberately failed to act on this knowledge" sufficient to support § 1983 liability. *Harris*, 821 F.2d at 504. Rather, Hoel's allegations broadly concern solely his experience receiving a trespass notice for causing a disturbance in a courtroom security checkpoint, inarguably an isolated incident as pleaded.

Hoel's allegations are insufficient to demonstrate a policy or practice which would support liability under § 1983. *Ulrich.*, 715 F.3d at 1061. Hoel has failed to plausibly state a claim for which relief could be granted, and the complaint should be dismissed.

B. Purported Minnesota Constitutional Claims.

Hoel next provides the solitary legal conclusion that "Defendants' conduct violated parallel protections under the Minnesota Constitution." (Compl. ¶ 38.) In light of the foregoing arguments for dismissal concerning each of Hoel's federal claims, this claim should also be dismissed because it is "based entirely upon the Minnesota constitution, and does not, therefore, present a federal question." *Bullock v. State of Minn.*, 611 F.2d 258, 259 (8th Cir. 1979); 28 U.S. Code § 1367(c)(3) (district court may decline to exercise supplemental jurisdiction over a state claim if it "has dismissed all claims over which it has original jurisdiction"); *see also Preston v. City of Pleasant Hill*, 642 F.3d 646, 650 (8th Cir. 2011) ("A plaintiff may not bring a state claim under the aegis of § 1983."); *West v. Atkins*, 487 U.S. 42, 48 (1988) (holding a complaint "must allege the violation of a right secured by the Constitution and laws of the United States" to sustain a claim under § 1983). Alternatively, the Court should dismiss the Minnesota constitutional claims for the same reasons articulated above with regard to Hoel's federal constitutional claims.

C. Purported Civil Conspiracy.

Finally, Hoel's § 1985 claim for civil conspiracy fails for the straightforward reason that "a local government entity cannot conspire with itself through its agents acting within the scope of their employment." *L.L. Nelson Enters., Inc. v. Cnty. of St. Louis, Mo.*, 673 F.3d 799, 812 (8th Cir. 2012) (citing *Cross v. Gen. Motors Corp.*, 721 F.2d 1152, 1156 (8th Cir.1983)). Even assuming this "intracorporate conspiracy" doctrine could be set aside, Hoel's claim under §§ 1985(3) and 1986 would still be insufficient because the complaint provides no particular facts establishing a conspiratorial meeting of the minds.

A claim of civil conspiracy must be "allege[d] with particularity and specifically demonstrate with material facts that the defendants reached an agreement." *Torres v. City of St. Louis*, 39 F.4th 494, 506 (8th Cir. 2022) (citing *Kelly v. City of Omaha*, 813 F.3d 1070, 1077 (8th Cir. 2016)). A plaintiff making a claim of civil conspiracy under § 1985 "must allege with particularity and specifically demonstrate with material facts that the defendants reached an agreement." *City of Omaha Emps. Betterment Ass'n v. City of Omaha*, 883 F.2d 650, 652 (8th Cir.1989). To state a claim under § 1985(3), a plaintiff must allege facts which show (1) the existence of a conspiracy; (2) the conspiracy's purpose was to deprive them "of the 'equal protection of the laws, or of equal privileges and immunities under the laws;' (3) an act in furtherance of the conspiracy; and (4) an injury to a person or property, or the deprivation of a legal right." *Federer v. Gephardt*, 363 F.3d 754, 757–58 (8th Cir. 2004) (first quoting *Griffin v. Breckenridge,* 403 U.S. 88, 102–03, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971); and citing 42 U.S.C. § 1985(3)). Such a

claim requires "a class-based animus." *Id.*[7] "There can be no civil conspiracy without an underlying constitutional violation." *Wolk v. City of Brooklyn Ctr.*, 107 F.4th 854, 860 (8th Cir. 2024); *Askew v. Millerd*, 191 F.3d 953, 957 (8th Cir. 1999).

Hoel has failed to plausibly plead an underlying constitutional violation, and so his conspiracy claim fails from the start. *Wolk*, 107 F.4th at 860. Even assuming such a claim had been sufficiently pleaded, Hoel's factual allegations fall well short of the required particularity where he has alleged nothing more than the singular event, no class-based animus, and just a vague, conclusory "understanding and agreement." (ECF No. 42, Ex. A ¶ 52.) The Court should not assume unalleged facts, let alone divine a sweeping conspiracy claim where not one Defendant is even affirmatively alleged to have communicated with another. *Stone*, 364 F.3d at 915; *see also Wolk*, 107 F.4th at 860 (mere allegations of coordination or collaboration among Defendants are insufficient to establish a conspiratorial "meeting of the minds"). Hoel's claim of implied conspiracy-in-gestalt is insufficient on its face, and should be dismissed accordingly.

**4. Hoel's Requested Relief is Inappropriate Regardless.**

Hoel's seeks declaratory relief, a permanent injunction, compensatory damages, punitive damages, attorneys' fees and costs, as well as sanctions. Hoel's requested relief is inappropriate on its face. Hoel cannot seek punitive damages,[8] attorneys' fees as a *pro se*

[7] Hoel's claims would be insufficient even if construed and analyzed under § 1983. *See, e.g., Faulk v. City of St. Louis, Missouri*, 30 F.4th 739, 747 (8th Cir. 2022).

[8] *Gamma-10 Plastics, Inc. v. Am. President Lines, Ltd.*, 32 F.3d 1244, 1255 (8th Cir. 1994) (applying Minn. Stat. § 549.191).

party participating *in forma pauperis*,[9] or sanctions[10] here. Further, his pursuit of declaratory relief, permanent injunctive relief, and compensatory damages is wholly speculative in absence of any supporting factual allegations, and therefore improper. *Burton v. Cent. Interstate Low-Level Radioactive Waste Compact Comm'n*, 23 F.3d 208, 210 (8th Cir. 1994) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). Accordingly, Hoel's claims should be dismissed as they are deficient both in substance as well as the relief sought.

**Conclusion**

For the reasons stated above, Defendants respectfully request that the Court grant their motion and dismiss Plaintiff Robert Hoel's claims against them.

MARY F. MORIARTY
Hennepin County Attorney

Dated October 9, 2025

By: /s/ *Matthew Messerli*
Matthew L.R. Messerli (0403677)
(612) 348-0727
Matthew.Messerli@hennepin.us
Spencer R. Davis-VanNess (0402894)
Spencer.Davis-VanNess@hennepin.us
Assistant Hennepin County Attorneys
13-A Government Center, MC-137
300 South Sixth Street
Minneapolis, MN, 55487

**Attorneys for Defendants**

---

9 Section 1988's "purpose is not to compensate pro se litigants." *Davis v. Parratt*, 608 F.2d 717, 718 (8th Cir. 1979).

10 Sanctions are brought via motion, not pleaded. *E.g.*, Fed. R. Civ. P. 11(c), 37.