**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

Robert Brooks Hoel , Case No. 25-cv-03581 (ECT/DTS)

Plaintiff,

v.

Hennepin County, et al.,

Defendants,

**PLANTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS'S MOTION TO DISMISS**

## INTRODUCTION

Plaintiff Robert Brooks Hoel, appearing in propria persona, opposes Defendants' Motion to Dismiss (Docs. 12–16). Defendants offer no factual or legal basis for dismissal, relying only on a copy of a trespass form and boilerplate Rule 12(b)(6) assertions. Because the Complaint plausibly alleges violations of the First, Fourth, and Fourteenth Amendments and municipal liability under Monell, the motion must be denied.

---

## STANDARD OF REVIEW

To survive dismissal under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The Court accepts all factual allegations as true and draws all reasonable inferences in the plaintiff's favor. Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009). Dismissal is improper where, as here, the facts plausibly establish constitutional violations.

**STATEMENT OF FACTS**

On May 29, 2025, Plaintiff lawfully entered the Hennepin County Government Center to access the public Law Library for research in connection with pending litigation. While in the public security screening lobby, Plaintiff's mobile phone was recording video as it passed through the screening bin.

Security Officer Elvis Jimenez (#426) observed the recording and summoned Lt. Brandon Butler (#117), a Hennepin County Security Supervisor. Butler approached, ordered the recording stopped, and physically prevented continuation of the video. Plaintiff immediately offered to turn off the camera and continue through screening, but Butler refused.

Plaintiff then attempted to show Butler a copy of the "Memorandum of Understanding Governing the Usage of Cameras and Recording Devices in Fourth District Court Facilities," a joint policy issued by the Fourth Judicial District Court and Hennepin County Administration, signed by the Chief Judge of the Fourth Judicial District. The MOU limits camera restrictions to designated courtrooms and judicial floors—not the public security lobby where Plaintiff was located. Butler refused to review the document and instead called multiple Hennepin County Sheriff's Deputies for enforcement.

Sgt. S. Bukkila (#526) and Deputies D. Welwolie (#703), B. Brugger (#246), Helmandollar (#203), and Dhimbil (#649) responded. When they arrived, Butler stepped back and deferred to their authority. The deputies relied on and enforced Lt. Butler's directive without independent legal assessment, demonstrating customary deference to civilian security in constitutional decisions. The deputies gathered around Plaintiff as he calmly explained the MOU and his lawful purpose. While the deputies and Plaintiff were still inside the screening area, Lt. Butler issued and handed Plaintiff a 30-day Trespass Notice citing "Non-Compliance" and "Disturbance." These phrases were handwritten, not selected from printed categories, and no warning or opportunity to comply was provided.

The County's own Trespass Procedures reserve a 30-day exclusion for serious or criminal conduct and require verbal warning and de-escalation before any notice—steps ignored here. After Butler handed over the notice, the deputies ordered Plaintiff to leave. Acting together and under color of law, they surrounded Plaintiff, shut down the screening line, and escorted him

outside under threat of arrest. Plaintiff did not resist or cause any disturbance; he complied peacefully but involuntarily, compelled by their collective show of authority. Their actions constituted a coordinated seizure and removal from public property.

Importantly, the Trespass Notice Defendants filed as Exhibit 1 is addressed to "John Doe" even though their attorney declares it was "provided to Plaintiff Robert Hoel." This inconsistency demonstrates the arbitrary and boilerplate nature of Hennepin County's trespass enforcement, where generic forms are used without individualized determination or legal review. Such procedures reinforce Plaintiff's claim of systemic deficiency and unconstitutional practice under Monell.

Within days, Plaintiff delivered a written Preservation of Evidence Letter to Lt. Butler and the Hennepin County Security Division, requesting preservation of all surveillance video, body-camera footage, radio traffic, and incident reports from May 29, 2025. No response was received.

After the thirty-day ban was lifted, Plaintiff delivered a Notice of Claim and Intent to File Suit to the Hennepin County Attorney's Office, describing the same constitutional and procedural violations detailed herein. On July 2, 2025, the County Attorney's Office (Civil Division Investigator Don Metke) acknowledged receipt and transmitted claim-filing instructions, but it did not rescind the trespass, provide any post-deprivation process, or otherwise address the constitutional violations.

Plaintiff later observed two of the same deputies, including Helmandollar, performing prisoner-escort duty in his pending state-court proceedings, supporting an inference of retaliatory motive linked to his prior lawsuits and public documentation of County conduct.

---

**ARGUMENT**

**I. First Amendment Violation**

The First Amendment protects the right to record public officials performing duties in public spaces. Glik v. Cunniffe, 655 F.3d 78 (1st Cir. 2011); Smith v. City of Cumming, 212 F.3d 1332 (11th Cir. 2000). The recording occurred in a public lobby, not a courtroom. The Fourth District's MOU—signed by the Chief Judge—confirms that camera restrictions apply only to specified

court areas, not the public security lobby. Defendants' order to stop recording and their expulsion of Plaintiff were an unlawful prior restraint and retaliation for protected activity.

Even apart from prior restraint, these facts plausibly allege retaliation for Plaintiff's protected expressive and petitioning activity. Hartman v. Moore, 547 U.S. 250 (2006); Baribeau v. City of Minneapolis, 596 F.3d 465 (8th Cir. 2010).

---

**II. Fourteenth Amendment Due Process**

Hennepin County's Trespass Procedures require de-escalation and warning before any notice and reserve 30-day bans for serious offenses. Plaintiff received neither notice nor opportunity to be heard. The summary expulsion without warning or appeal constitutes an arbitrary deprivation of access to public property, violating procedural due process. Catron v. City of St. Petersburg, 658 F.3d 1260 (11th Cir. 2011).

---

**III. Fourth Amendment Seizure**

Being surrounded by five deputies and escorted under threat of arrest is a seizure under Terry v. Ohio, 392 U.S. 1 (1968). No probable cause existed; Plaintiff was engaged in lawful conduct in a public space.

---

**IV. Denial of Access to Courts**

By barring Plaintiff from the Government Center and its Law Library, Defendants interfered with his ability to research and file pleadings in ongoing cases, violating the right of access to the courts. Bounds v. Smith, 430 U.S. 817 (1977); Lewis v. Casey, 518 U.S. 343 (1996).

---

**V. Qualified Immunity Does Not Apply**

Qualified immunity shields only reasonable mistakes about clearly established law. By 2025, the right to record public officials in public areas was clearly established. Glik; Turner v. Driver, 848 F.3d 678 (5th Cir. 2017). Defendants were informed on the spot of the MOU and its judicial authority yet ignored it, showing knowing violation rather than reasonable error.

---

**VI. Municipal Liability (Monell)**

At the pleading stage, a plaintiff need only allege facts that, if true, make municipal liability plausible. Mick v. Raines, 883 F.3d 1075, 1089–90 (8th Cir. 2018); Marsh v. Phelps Cnty., 902 F.3d 745, 751–52 (8th Cir. 2018). A county is liable under 42 U.S.C. § 1983 when a constitutional violation is caused by an official policy, custom, or failure to train that reflects deliberate indifference. Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978); Corwin v. City of Independence, 829 F.3d 695 (8th Cir. 2016).

**A. County Policy and Custom**

Hennepin County maintains a policy and ongoing custom of using its security and sheriff's staff to issue Trespass Notices against citizens engaged in lawful expressive or petitioning activity inside the Government Center. These notices have been applied to quiet, non-disruptive conduct such as peaceful recording or requesting public records, rather than to any unlawful behavior. The County's own written Trespass Procedures, which reserve 30-day exclusions for serious or criminal acts, are routinely disregarded.

Defendants' own exhibit further illustrates this pattern. The form they submitted (Dkt. 14 Ex. 1) is addressed to "John Doe" even though their declaration states it was "provided to Plaintiff Robert Hoel." This discrepancy proves that County officers issue generic trespass forms without individual review or approval, confirming an arbitrary and customary practice of excluding members of the public without due process. See Corwin, 829 F.3d at 700 (custom may be shown where a municipality "repeatedly tolerates unconstitutional acts").

**B. Failure to Train and Supervise**

Hennepin County also failed to train its deputies and contracted security supervisors on:

1. The MOU governing use of cameras and recording devices in court facilities, a binding policy signed by the Chief Judge that limits restrictions to certain judicial floors;

2. The constitutional limits on trespassing individuals from public areas without probable cause or notice; and

3. The requirement of de-escalation and verbal warning before issuing any exclusion.

A municipality's failure to train or supervise its employees may constitute a policy of deliberate indifference where the need for training is obvious and the inadequacy likely to result in constitutional violations. Mick v. Raines, 883 F.3d 1075, 1080 (8th Cir. 2018).

**C. Ratification**

Rather than correcting the misconduct, Hennepin County has ratified the incident by defending the 30-day exclusion and failing to discipline or retrain any involved personnel. This post-incident ratification constitutes policy adoption. See Ulrich v. Pope Cty., 715 F.3d 1054 (8th Cir. 2013). The County's post-incident communications—acknowledging Plaintiff's notice (July 2, 2025) while providing no remedy, process, or policy correction—further support ratification and deliberate indifference.

**D. Moving Force**

These policies, customs, and failures were the moving force behind the First-, Fourth-, and Fourteenth-Amendment violations alleged. Monell, 436 U.S. at 694. Discovery will reveal internal County communications, complaint histories, and training records substantiating the existence of this unconstitutional practice.

---

**CONCLUSION**

Taking the facts as true, Plaintiff has stated plausible claims under the First, Fourth, and Fourteenth Amendments. Defendants' motion identifies no deficiency or immunity justifying

dismissal. The motion should therefore be denied in its entirety and this matter allowed to proceed to discovery.

Because municipal customs and training practices are fact-intensive, dismissing the Monell claim before discovery would be premature. Discovery will show whether Hennepin County's policies and supervision failures were the moving force behind the violations alleged.

---

Respectfully submitted,

/s/ Robert Brooks Hoel

Robert Brooks Hoel

General Delivery

Minneapolis, MN 55401

(612) 234-2169

bobhoel@gmail.com

In Propria Persona, Without Prejudice

Date: October 21, 2025