**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Robert Brooks Hoel,
Plaintiff,

vs.

Hennepin County, Sheriff Dawanna Witt, in her official capacity, Sgt. S. Bukkila, Deputy D. Welwolle, Deputy B. Brugger, Deputy Helmandollar, Deputy Dhimbil, Lt. Brandon Butler, John Doe 1-10,
Defendants.

Case No. 25-cv-03581 (ECT/DTS)

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

---

Defendants[1] articulated several, independently dispositive legal flaws with the complaint in the preceding memorandum in support of their motion to dismiss. In response, Hoel has provided a brief reprise of the legally conclusory assertions Defendants challenge, as well as factual supplementation that—taken in its best light—is simply improper. Hoel's response fails to substantively argue the sufficiency of his complaint or otherwise significantly engage with Defendants' arguments.

As previously argued, Hoel's complaint does not contain any fact supporting the claims he has alleged. Hoel's response does nothing to challenge Defendants' position that his complaint fails to state a plausible claim upon which relief can be granted, and this matter should be dismissed.

---

[1] Terms not otherwise defined have the meanings assigned to them in Defendants' initial memorandum of law in support of the motion for summary judgment.

## Analysis

**1. Hoel's Response Cannot Amend his Complaint, and Would be Futile Anyway.**

At the outset, Hoel's Response Memorandum appears to introduce new factual allegations found nowhere in his complaint or the record via the included "Statement of Facts." This is plainly improper, as "it is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss." *Morgan Distrib. Co. v. Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir. 1989) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir.1984), *cert. denied*, 470 U.S. 1054, 105 S.Ct. 1758, 84 L.Ed.2d 821 (1985)).

Even if such amendment were appropriate—it is not—this attempt would be futile (if not self-defeating) where the factual narrative provided confirms Hoel's claims concern a courthouse security checkpoint, an apparent attempt to record the inside of a weapons-screening machine, and the complaint's mischaracterization of the Trespass Notice. (*Compare* Pl.'s Resp. Mem. Opp. Mot. Dismiss ("Opp. Br.") 2, ECF No. 17 (Hoel was in a "security screening lobby," his "mobile phone was recording video as it passed through the screening bin," and he was provided a "Trespass Notice citing 'Non-Compliance' and 'Disturbance.'"); *with* Compl. ¶ 16, ECF 1 (claiming Hoel was provided with a "trespass notice citing 'Recording/Staff Disturbance"), *and* Trespass Notice (citing "Non-compliance with staff" and "Disturbance" as the basis for the trespass)).

**2. Hoel's Claims are Barred by the Doctrine of Qualified Immunity.**

Hoel asserts Defendants are not shielded by Qualified Immunity, stating that "[b]y 2025, the right to record public officials in public areas was clearly established." (Opp. Br.,

at 5.) Hoel's assertion cites two out-of-circuit opinions for this proposition, but misconstrues their holdings, and misses the mark regardless.

Hoel's cited cases reckon with a different scenario—already addressed by Defendants in their opening brief—of whether the right to record law enforcement carrying out their duties in public was clearly established. *See Glik v. Cunniffe*, 655 F.3d 78, 84-85 (1st Cir. 2011); *Turner v. Lieutenant Driver*, 848 F.3d 678, 686-90 (5th Cir. 2017). As previously argued, Hoel's complaint presents a different analysis altogether: whether an individual has a clearly established right to record in a courthouse security checkpoint. Hoel's complaint alleges that it was *this* activity that led to his eventual interaction with deputies, and his cases about routine recording of police officers on the street are unavailing. Indeed, the Eighth Circuit has never joined those circuits that have found a right to record police on the street, and it has certainly not ruled on any right to record in a courthouse security screening line, let alone "placed the statutory or constitutional question beyond debate." *Ashcroft v. al–Kidd*, 563 U.S. 731, 741 (2011).

Nothing in the complaint plausibly alleges that Hoel had a clearly established right to engage in recording activity in the Government Center security screening area. The Court should find that Hoel's claims against the individual defendants are barred by qualified immunity, and the Court should dismiss his claims accordingly.

### 3. Hoel Fails to State a Claim for Any of the Alleged Constitutional Violations.

Even if Qualified Immunity does not bar Hoel's claims, Hoel's various alleged constitutional violations remain insufficiently pleaded nonetheless.

A. Purported First Amendment Violations.

Hoel does not meaningfully address Defendants' arguments for dismissal based on his failure to allege a prior restraint or his failure to allege several elements of a First Amendment retaliation claim. This type of glancing reference to a claim does not contain "any argument or legal authority" and therefore waives the issue. *Milligan v. City of Red Oak, Iowa*, 230 F.3d 355, 360 (8th Cir. 2000). Even if the Court is inclined to credit Hoel's conclusory rebuttal at all, his response regarding the claimed First Amendment violations amounts to a simple regurgitation that he has a "right to record public officials performing duties in public spaces." (Opp. Br., at 3.) This conclusory statement is unavailing for at least two reasons.

First, whether or not the security line is "public" for First Amendment purposes is irrelevant because Hoel's complaint fails to state a claim for First Amendment retaliation or unlawful prior restraint for other reasons, as explained in Defendants' opening brief. (*See*, Defs.' Mem. Supp. Mot. Dismiss ("Supp. Br.") 7-9, ECF No. 13).

Second, even if the nature of the physical space at issue was relevant, the cases Hoel cites address only the right to record law enforcement performing duties in public spaces. *Glik*, 655 F.3d at 84-85; *Smith v. City of Cumming*, 212 F.3d 1332, 1333 (11th Cir. 2000). Hoel's arguments against dismissal elide any distinction between recording law enforcement on a public street and recording courthouse security officers (or the inside of a weapons-screening machine) in a courthouse security area. In fact, Hoel's argument—like his complaint—simply assumes that such a security area is public. While a detailed factual assessment of the physical space at issue is plainly beyond the scope of this Rule

12 challenge, Hoel's complaint repeatedly alleges (and he has also now argued) that he was recording while attempting to pass through a security checkpoint before accessing the courthouse area at the Government Center. Assuming this allegation to be true, Hoel cannot rely upon the assumption that he was in a public forum. Indeed, there is ample reason to conclude that he was not. *See Ball v. City of Lincoln, Nebraska*, 870 F.3d 722, 734 (8th Cir. 2017) (publicly accessible plaza outside of arena became a nonpublic forum for First Amendment purposes when it was "used to facilitate the safe and efficient movement" of people and conduct security screenings of "patrons prior to their entry into the venue").

B. Purported Denial of Access to Courts.

Similarly, Hoel's response concerning his access to courts claim is repetitive assertion, not argument. Hoel summarily states "[b]y barring [Hoel] from the Government Center and its law library, Defendants interfered with [Hoel's] ability to research and file pleadings in ongoing cases." (Opp. Br., at 4.) Hoel's response does not contain even the slightest engagement on Defendants' challenge that he is not a prisoner entitled to access specific legal resources, and (even if he was) he has not particularly pleaded any actual legal claim harmed. To the extent this inadequacy does not forfeit the argument—*see Milligan*, 230 F.3d at 360—Hoel's denial of access to courts claim fails for the unchallenged reasons articulated in Defendants' prior brief. (Supp. Br., at 12-13.)

C. Purported Fourth Amendment Violation.

Hoel's response in defense of the Fourth Amendment claim is even less developed. As noted in Defendants' opening brief, the Fourth Amendment does not "transform a government employee's every touch into a . . . seizure." *Irish v. McNamara*, 108 F.4th 715,

718 (8th Cir. 2024) (quoting *Brower v. Cnty. of Inyo*, 489 U.S. 593, 596, 109 S.Ct. 1378, 103 L.Ed.2d 628 (1989)). Hoel's conclusory assertion that being escorted out of the Government Center was a "seizure," does not make it so, where he not only retained "freedom to walk away," but did so. *Cf. Terry v. Ohio*, 392 U.S. 1, 16, 88 S. Ct. 1868, 1877, 20 L. Ed. 2d 889 (1968). Even if Hoel was seized as alleged, the argument is waived where he does not even summarily assert that the alleged seizure was unreasonable.

D. Purported Fourteenth Amendment Violation.

In support of his Fourteenth Amendment due process claim, Hoel again declines to engage with Defendants' argument, and offers only the bare legal conclusion that the Trespass Notice was "an arbitrary deprivation of access to public property, violating procedural due process." (Opp. Br., at 4.) Here, Hoel cites an Eleventh Circuit case concerning public parks. (*Id.*, citing *Catron v. City of St. Petersburg*, 658 F.3d 1260 (11th Cir. 2011).) The Government Center is a building, not a public park, and (as noted in Defendants' initial brief) "[t]here is no property or liberty interest in 'having unlimited access to a public building.'" *Peterson v. City of N. St. Paul*, No. 21-CV-458 (NEB/KMM), 2021 WL 5235092, at *3 (D. Minn. Nov. 10, 2021) (quoting *Royer ex rel. Est. of Royer v. City of Oak Grove*, 374 F.3d 685, 689 (8th Cir. 2004).

Hoel's assorted recitations of claims and legal conclusions that were fully addressed in Defendants' prior arguments are insufficient to sustain an argument in defense of his complaint. *E.g.*, *Milligan*, 230 F.3d at 360. Hoel's claims fail for the reasons fully articulated in Defendants' initial brief in support of the motion to dismiss, which remain unchallenged by Hoel's response. Accordingly, the Court should dismiss the complaint.

**4. Hoel's Derivative Claims and Relief are Insufficiently Pleaded.**

Hoel's claims under § 1983, the Minnesota Constitution, and a theory of Civil Conspiracy fail for the reasons previously articulated in Defendants' initial brief. Hoel's response merely restates the hollow legal conclusions that Defendants' motion seeks dismissal of.

Hoel claims the Trespass Notice signed "refused" and addressed to a "John Doe" somehow "proves that [Defendants] issue generic trespass forms . . . confirming an arbitrary and customary practice of excluding members of the public without due process." (Opp. Br., at 5.) This is as untethered as his earlier assertion that "two of the same deputies" performing their duties in another context somehow "support[s] an inference of retaliatory motive linked to his prior lawsuits and public documentation of County conduct." (Opp. Br., at 3.) Hoel is entitled to the reasonable inferences of the facts alleged in the complaint, not wholesale subscription to bare assertions that border on paranoia. *Cf.*, *e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Finally, Hoel does not challenge Defendants' arguments concerning dismissal of his claims based on the Minnesota State Constitution, his own inferences of a broad civil conspiracy, and the inappropriateness of his requested relief. (Supp. Br., 17-20.) Any challenge to these arguments has been waived, and these claims should be dismissed for the reasons articulated in Defendants' initial brief. *E.g.*, *Milligan*, 230 F.3d at 360.

## Conclusion

For the foregoing reasons, Defendants respectfully request the Court grant their motion to dismiss in its entirety and dismiss Hoel's complaint with prejudice.

MARY F. MORIARTY
Hennepin County Attorney

Dated November 4, 2025

By: /s/ *Matthew Messerli*
Matthew L.R. Messerli (0403677)
(612) 348-0727
Matthew.Messerli@hennepin.us
Spencer R. Davis-VanNess (0402894)
Spencer.Davis-VanNess@hennepin.us
Assistant Hennepin County Attorneys
13-A Government Center, MC-137
300 South Sixth Street
Minneapolis, MN, 55487

**Attorneys for Defendants**